PEOPLE ex rel. C. VEJAR, Respondents, v. JACOB
METZKER, Appellant.

No. 2462; May 4, 1871.

**Municipal Corporation—Right of Councilman to Office.**—The
District Court has no jurisdiction of the question of the right of a
person to hold the office of common councilman of the city of Los
Angeles, since the law devolves the duty and confers the power of
decision in that regard upon the body of the common council.

**Municipal Corporation—Right of Councilman to Office.**—Chapter
5 of the Practice Act does not repeal by implication section 10 of the
act of March 11, 1850, to the extent of devesting the common council
of a city, organized under the provisions of the act, of the exclusive
jurisdiction conferred thereby over the question of a person's right
to hold office as a member.

APPEAL from Seventeenth Judicial District, Los Angeles
County.

Glassell, Chapman & Smith for respondents; Thorn & Ross
for appellant.

See People v. Metzker, 47 Cal. 524.

SPRAGUE, J.—The demurrer to the complaint should have
been sustained, upon the ground that the court has no juris-
diction of the subject matter of the action.

By special act of the legislature, entitled "An act to in-
corporate the city of Los Angeles," passed April 4, 1850
(Stats. 1850, p. 155), the city of Los Angeles was incorpo-
rated according to the provisions of the general act entitled
"An act to provide for the incorporation of cities," ap-
proved March 18, 1850 (Stats. 1850, p. 87). The tenth sec-
tion of this latter act vests in the common council of a city,
organized under the provisions of the act, the power, and
makes it their duty, to "judge of the qualification, elections
and returns of their own members, and other officers elected
under this act," and to "determine contested elections."

Jurisdiction of the subject matter involved in this proceed-
ing is specially conferred upon the common council of the
city of Los Angeles by the direct terms of the act, by virtue

of which it was originally organized, and continues to exist as a municipal corporation, and to the extent of the jurisdiction thus conferred it is exclusive and, within its legitimate scope, independent of the judicial department, except by proper proceeding to compel action within, and restrict action to, the statutory limits.

The district court, therefore, had no jurisdiction of the questions involved in the plaintiff's claim or defendant's right to hold the office of common councilman of the city of Los Angeles, as the law devolves the duty and confers the power of deciding who is entitled to the office upon another tribunal; and to that special tribunal must plaintiff resort for a determination of the matters presented by his complaint: Batman v. Megowan, 1 Met. (Ky.) 538; Necum v. Kirtley, 13 B. Mon. (Ky.) 517; State v. Jarrett, 17 Md. 327; Grier v. Shackelford, 2 Treadway Const. (S. C.) 642; Commonwealth v. Meeser, 44 Pa. 343; Whitney v. Board of Delegates, 14 Cal. 479.

Chapter 5 of the Practice Act does not, in our judgment, repeal by implication the tenth section of the act of March 11, 1850, to the extent of devesting the common council of a city, organized under the provisions of the act, of the exclusive jurisdiction conferred thereby over the matters involved in this proceeding.

If the jurisdiction thus conferred has practically resulted in the abuses suggested by respondent, application for relief should be made to the legislature, and not to the judicial department of our government.

Judgment reversed and cause remanded, with directions to the court below to sustain the demurrer and dismiss the proceeding.

We concur: Temple, J.; Rhodes, C. J.; Crockett, J.